UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CLARENCE VAUGHN, on behalf of
PATRICIA VAUGHN, an Incompetent Person,

                              Petitioner,

              v.                                                    3:05-cv-841

MICHAEL GILROY, Individually and in his
Official Capacity as Family Care Coordinatory
for the New York State Office of Mental Retardation
and Developmental Disabilities, et al.,

                              Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## **DECISION and ORDER**

       Petitioner, the father of Patricia Vaughn, has filed an application for a writ of habeas corpus seeking to have Defendants release his daughter, Patricia Vaughn, into his custody. In the application, it is alleged that Patricia Vaughn, who is developmentally disabled, was placed in the home of Arthur and Gail Coward. The decision to place Patricia with the Cowards was made jointly by Petitioner and the Broome Development Disabilities Services Office.

       On September 8, 2004, the New York State Office of Mental Retardation and Developmental Disabilities ("OMRDD") removed Patricia from the Coward's home stating that she would be in danger if she remained there.[1] Patricia was then placed at the Chenango

---

[1] Apparently, OMRDD revoked the Coward's license to operate a home for the developmentally disabled. The revocation of the license is the matter of another proceeding pending before this Court.

House. Patricia developed disputes with other residents at Chenango House. Accordingly, Patricia was placed at the Broome Developmental Center where she currently is residing.

The application alleges that Patricia has been unhappy since she was removed from the Coward's home. The application further alleges that Petitioner "sent a letter to Broome Developmental Center advising them that I wanted to remove Patricia and return her to the Cowards." Application at ¶ 14. In response, Petitioner "received a letter . . . stating that they did not agree that would be a good alternative but that they were willing to work out an alternative placement." Id. at ¶ 15. It is also alleged that Petitioner has been denied access to the Broome Developmental Center to visit Patricia. Based on the foregoing allegations, Petitioner seeks a writ of habeas corpus directing that Defendants release Patricia into his custody.

For the following reasons, Petitioner's application is DENIED.

First, Petitioner has made no showing that Patricia is in state custody or is otherwise being detained or subjected to state-imposed restraints on her liberty. See 28 U.S.C. §§ 2241 (speaking of custody requirement), 2242 (same), 2243 (same); see, also, Maleng v. Cook, 490 U.S. 488, 490 (1989); Hensley v. Municipal Court, Sasn Jose Milpitas Judicial Dist., Santa Clara County, State of Cal., 411 U.S. 345, 351 (1973) ("The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty. Since habeas corpus is an extraordinary remedy whose operation is to a large extent uninhibited by traditional rules of finality and federalism, its use has been limited to cases of special urgency, leaving more conventional remedies for cases in which the restraints on liberty are neither severe nor immediate."). Although it appears that Patricia is currently residing at a facility operated by

Broome County, there is no indication that she is not free to leave or the she has not otherwise voluntarily sought services from OMRDD (either on her own or through her father). To the contrary, the application itself indicates that Patricia was voluntarily placed at the Coward's home by her father with the assistance of the Broome Developmental Disabilities Services Office.  Furthermore, Petitioner has submitted an application filed by the Broome Developmental Center with the New York State Supreme Court wherein it requests to involuntarily detain Patricia for a period of sixty days.  This further evidences that Patricia is not now being involuntarily detained.  Absent evidence of "custody", the Court lacks jurisdiction over this matter.  Duamutef v. I.N.S., 386 F.3d 172, 178 (2d Cir. 2004) (noting that the custody requirement is a jurisdictional prerequisite for the granting of a § 2241 petition).

      Second, assuming that Patricia is in custody or otherwise being detained, Petitioner has made no showing that Patricia is being held in violation of the Constitution, laws, or treaties of the United States.  See 28 U.S.C. § 2241.  Although Patricia may be unhappy, there is no indication that she is not receiving adequate care and treatment.

      Third, Petitioner seeks to have Patricia released into his custody.  Taking into consideration Patricia's welfare, it appears that releasing her into the custody of her father would be ill-advised.  By his own admission, Petitioner is unable to care for her. Application at ¶ 3.

      For the foregoing reasons, the application for a writ of habeas corpus is DENIED. The Clerk of the Court shall close the file in this matter.

IT IS SO ORDERED.

Dated: July 13, 2005

_____
Thomas J. McAvoy
Senior, U.S. District Judge